CABALLERO, PETICIONARIO, *v.* CORTE DE DISTRITO DE ARECIBO, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Arecibo, Hon. Enrique Lloreda, Juez.

No. 397.—Resuelto en febrero 6, 1923.

INTERVENCIÓN—; DERECHO A INTERVENIR.—En un pleito de desahucio entablado por los sucesores de A contra B, pidieron permiso para intervenir C y D fundándose en que A hipotecó la finca a C quien en 1904 tomó posesión de ella por dación en pago que le hiciera el deudor, habiendo pasado en 1907 el inmueble a ser propiedad de D quien tomó posesión por haber adquirido el crédito de C, único título que pudo éste transmitirle en razón a que el apoderado nombrado por el deudor A no cumplió su cometido en vida de éste, alegando finalmente que el demandado B es un arrendatario de D. Admitida la intervención a C pero negada a D, bajo la teoría de ser este último un simple adquirente del crédito hipotecario, *se resolvió:* que interpretada liberalmente la petición de intervención, D no es un simple acreedor hipotecario pues alega ser el dueño de la finca por lo que tiene derecho a ser admitido como interventor y así se ordenó en un recurso de *certiorari.*

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. E. Rincón.*

Abogados del demandado en el pleito: *Sres. E. Marín* y *L. Mercader.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Los herederos de José Marrero, algunos personalmente y otros por el cesionario de sus derechos, Miguel Torres Gómez, demandaron en juicio de desahucio a Joaquín Vega alegando ser dueños de una finca cuya posesión detenta el demandado sin pagar canon o merced alguna. En la demanda se hace una extensa alegación sobre el derecho a la herencia de cada una de las quince personas que alegan ser dueñas de la finca en concepto de herederos y al final de ella se dice que también han adquirido por escritura de venta judicial todo el título, derecho e interés que en dicha finca tuviere Joaquín Ramón Caballero.

El día que estaba señalado para la primera comparecencia de las partes comparecieron éstas habiendo hecho el demandado una negación general de todos los hechos consignados en la demanda. También comparecieron Camilo Taboas y Joaquín Ramón Caballero con una moción pidiendo permiso al tribunal para radicar una demanda de intervención que presentaron, fundándose en que José Marrero hipotecó la finca en cuestión a Camilo Taboas quien en el año 1904 tomó posesión de ella porque su deudor se la dió en pago de su deuda; que luego pasó a ser propiedad de Joaquín Ramón Caballero desde 1907, quien en esa fecha tomó posesión de ella por haber adquirido el crédito hipotecario de Taboas, único título que pudo transferirle por no haber podido Taboas adquirir el título de propiedad debido a que el apoderado nombrado con tal objeto por el cedente Marrero no cumplió su cometido en vida de aquél; que desde 1904 los únicos que han tenido la posesión de la finca como dueños han sido Taboas y ahora Caballero, quien es el legítimo dueño de ella y la ha dado en arrendamiento al demandado Joaquín Vega; y que los interventores han radicado demanda contra los demandantes como herederos de

José Marrero para que por virtud del contrato de dación en pago de su causante le otorguen la escritura de traspaso correspondiente para a su vez poder Taboas traspasarle dicha escritura a Caballero.

El 24 de julio de 1922 el tribunal inferior admitió la intervención de Taboas pero negó la de Caballero porque aparece ser un simple adquirente de un crédito hipotecario y suspendió la primera comparecencia para otro día. En éste se presentó nuevamente Joaquín Ramón Caballero solicitando se le permitiera intervenir en el pleito asociándose al interventor Camilo Taboas y presentando una demanda de ambos, fundándose en que en la demanda de desahucio se hace aparecer el origen del título a la finca como proveniente de un derecho hereditario: que en las últimas alegaciones, confundidas con otras se dice que el demandante Miguel Torres es, además, dueño de cualquier derecho o acción que pudiera tener Caballero, título que es nulo por las infracciones legales que se cometieron en los actos que dieron origen a su transferencia y que ha presentado demanda para anularlo. Le fué negada por segunda vez en 11 de diciembre de 1922 la intervención solicitada porque ya había sido desestimada antes su pretensión y porque se presentaba en el acto para la primera comparecencia del juicio de desahucio. Entonces interpuso Joaquín Ramón Caballero este recurso de *certiorari* alegando que ambas resoluciones son inapelables y expedido el auto y recibidas las diligencias originales del pleito, tuvo lugar la audiencia de las partes habiendo comparecido ante nosotros los abogados del peticionario y de los demandantes.

Interpretadas liberalmente las alegaciones de Joaquín Ramón Caballero ante el tribunal inferior llegamos a la conclusión de que no aparece ser un simple acreedor hipotecario de la finca pues aunque dice que Taboas le traspasó su crédito hipotecario, manifiesta también, que esto se hizo así por

que Taboas no tenía la escritura de la dación en pago que de la finca le hizo el dueño y deudor Marrero pero que Taboas desde 1904 tuvo la posesión de la finca como dueño y que en 1907 traspasó esa propiedad a Caballero quien desde entonces es el legítimo dueño de ella y la tiene arrendada al demandado. Con tales alegaciones debió permitirse a Caballero la intervención que pidió la primera vez con más razón que a Taboas, pues si aquél es ahora el dueño de la finca tiene derecho a intervenir en el pleito en defensa de su arrendatario, con tanto más motivo cuanto que niega en su segunda petición que el demandante Torres haya adquirido válidamente los derechos que él tuviere en la finca. Como él tiene derecho a intervenir en el pleito no era obstáculo para reconocérsele el hecho de que antes le hubiera sido negado, habiendo hecho su petición el día que estaba señalado para la primera comparecencia.

La única dificultad que vemos es que Caballero presenta la nueva demanda de intervención a su nombre y al de Camilo Taboas, quien ya tiene presentada la suya, pero esto es fácil de subsanar permitiéndole que la enmiende para que exponga los hechos conducentes a su derecho.

La resolución del tribunal inferior de 24 de julio de 1922 debe ser anulada en cuanto se refiere a Joaquín Ramón Caballero y totalmente la de 11 de diciembre de 1922, y en su lugar debe dictarse otra concediendo permiso a Joaquín Ramón Caballero para intervenir en este pleito asociándose al demandado, debiendo el tribunal inferior concederle permiso para enmendar su demanda de intervención.

*Anulada la resolución de la corte inferior.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.